JOHN GOLD, Respondent, v. SAUL FROMAN and BERNARD H. HACKER, Copartners Doing Business under the Firm Name and Style of FROMAN & HACKER, Appellants.

First Department, December 29, 1916.

Master and servant — negligence — injury by printing press — failure of master to equip press with brake — new trial — general verdict where some questions of fact erroneously submitted.

Action to recover damages for personal injuries suffered by the plaintiff while working on one of the defendant's printing presses. Several labels accidentally slipped between the jaws of the press which closed

once every four and one-half seconds, and while endeavoring to extract them the plaintiff's hand was caught by a "gripper" and crushed between the jaws. A recovery was sought upon the grounds, *first*, that there was a violation of section 81 of the Labor Law in failing properly to guard the press and, *second*, that there was no brake upon the press which would have enabled the plaintiff to stop it while in motion. Evidence examined, and *held*, that while the plaintiff failed to show facts which would entitle him to recover on the first ground, there was a fair question for the jury on the second ground of negligence.

Inasmuch as both items of negligence were submitted to the jury which rendered a general not a special verdict, so that it was impossible to determine upon which ground they found against the defendant, a new trial must be ordered.

CLARKE, P. J., and SMITH, J., dissented in part.

APPEAL by the defendants, Saul Froman and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 21st day of October, 1915, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 11th day of November, 1915, denying defendants' motion for a new trial made upon the minutes.

*Theodore H. Lord*, for the appellants.

*Ralph Gillette*, for the respondent.

DOWLING, J.:

This action was brought to recover for the damages which the plaintiff sustained while in the employment of the defendants on August 1, 1912. The plaintiff, then seventeen years of age, was working on one of defendants' printing presses, having been engaged at that work about two weeks and having previously been employed running errands, sweeping up and packing cases. The particular work upon which he was busy at the time of the accident was printing labels to be used on soup or tomato cans, in the process of doing which he fed the labels with his right hand from a feed-board into the press, whereupon the press closed, the platen coming in contact with the type form, and when the printing was completed the press again opened, allowing the withdrawal of the printed label by the operator's left hand. The press in question was a Gordon press making 800 impressions an hour, or one every four and one-half

seconds. At about ten o'clock on the morning of the day in question several labels in a bunch slipped into the press, coming directly under one of the grippers, and plaintiff — operating what is called a throw-off which could be used to prevent the platen and bed from closing tightly together but not to stop the press — put in his right hand to take out the sheets, when it was caught by the device known as the gripper and held against the platen until the platen and bed came together.

The plaintiff has recovered on two theories of negligence, *first*, upon a violation of section 81 of the Labor Law (Consol. Laws, chap. 31 [Laws of 1909, chap. 36], as amd. by Laws of 1910, chap. 106),* requiring that all machinery should be properly guarded, and *second*, upon the absence of a brake on the press, enabling it to be stopped while in motion. The main charge of the trial court was devoted to the first of these grounds, and at its close the second ground was only charged at the request of the plaintiff's counsel.

As to the first ground, the plaintiff did not establish that there was any guard in general use at the time of the accident which would have prevented a person from having his hand crushed if he voluntarily placed it between the platen and the face of the form while the press was in motion, and as they were approaching each other. Although the plaintiff attempted to show that there was a guard which was applied to other presses, he was only able to prove that a guard of some kind had been in use on some Victoria presses, but not generally, prior to the time of the accident. He was not able to show that any guard was applied to the Gordon press, which was the kind upon which he was working, until after the accident, nor was it shown that the guard attached to the Victoria press was one which was suitable to a Gordon press. Upon the question of defendants' liability for failure to maintain a guard upon the press in question we think the plaintiff failed to make out a cause of action, and that it was error to submit that question to the jury.

As to the second ground, we think that upon the record there was a fair question for the jury as to whether the accident

* Since amd. by Laws of 1913, chap. 286. — [REP.

First Department, December, 1916.            [Vol. 175.

would have happened if there had been a proper foot-brake upon the press. It is obvious that the throw-off would not have had the effect of entirely stopping the press, and it was not installed for that purpose. It is equally apparent that it would have been impossible for the plaintiff to have saved himself from injury by reaching over with his left hand and endeavoring to stop the flywheel when his right hand was caught under the gripper. It may be susceptible of proof that had there been a proper foot-brake upon the press the accident might have been prevented, or at least the extent of the injury minimized. While the record is not clear as to the speed with which such a brake then installed and in common use upon presses of a similar kind, would have operated and stopped the machine, that point can be made clear upon a new trial. In any event we think there was sufficient evidence to carry the case to the jury upon the question of defendants' negligence in failing to provide a brake upon the press.

Inasmuch as the question of defendants' liability was submitted upon two separate grounds, one of which presented a question for the consideration of the jury, while the other raised no issue whatever, and as the jury made no special verdict but only a general one, it is impossible to determine whether they found against the defendants upon the ground upon which they could properly have been held liable or upon the one as to which no liability attached.

The judgment and order appealed from must, therefore, be reversed and a new trial granted, with costs to appellants to abide the event.

SCOTT and PAGE, JJ., concurred; CLARKE, P. J., and SMITH, J., concurred in the reversal, but voted to dismiss the complaint.

Judgment and order reversed, new trial ordered, costs to appellants to abide event.